**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JOHN LEWYCKYJ,**

                           **Plaintiff,**

    **vs.**                                          3:13-cv-126
                                                          (MAD/TWD)

**CAROLYN W. COLVIN,**

                           **Defendant.**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **STANLEY LAW, L.L.P.**<br>215 Burnet Avenue<br>Syracuse, New York 13203<br>Attorneys for Plaintiff | **JAYA C. SHURTLIFF, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **MONIKA K. CRAWFORD, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff John Lewyckyj brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(g), seeking a review of the Commissioner of Social Security's decision to deny his application for benefits. The matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Magistrate Judge Dancks recommended that this Court affirm the Commissioner's decision denying Plaintiff's application for benefits and dismiss Plaintiff's complaint. *See* Dkt. No. 15. Presently before the Court is Plaintiff's timely objection to the Report and Recommendation. *See* Dkt. No.

16. The Report and Recommendation contains a comprehensive summary of the record below, familiarity with which is assumed.

In the Report and Recommendation, Magistrate Judge Dancks found that: the Administrative Law Judge's ("ALJ") rejection of Plaintiff's treating physician's opinion was conducted under the correct legal standard and was supported by substantial evidence; the ALJ's residual functional capacity ("RFC") assessment was conducted under the correct legal standard and was supported by substantial evidence; the ALJ's determination that Plaintiff could perform past relevant work was conducted under the correct legal standard and was supported by substantial evidence; and the ALJ was under no obligation to further develop the record with respect to Plaintiff's alleged physical impairments and limitations. *See* Dkt. No. 15. In objecting to the Report and Recommendation, Plaintiff has repeated many of the same arguments raised before Magistrate Judge Dancks in his motion for judgment on the pleadings, and made new arguments raised for the first time in his objection. *See* Dkt. No. 16. In particular, Plaintiff objects to Magistrate Judge Dancks' finding with respect to the ALJ's decision to give less than controlling weight to the opinion of his treating physician Dr. Tinio. *See id.* at 1-4.[1] Plaintiff also objects to Magistrate Judge Dancks' determination that the ALJ appropriately found that Plaintiff could perform past relevant work as an art model. *See id.* at 4-5.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate Judge's Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22,

2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)). Furthermore, it is improper for an objecting party to attempt to relitigate the matter by "submitting papers to [the] district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Petty v. Colvin*, No. 12 Civ. 1644, 2014 WL 2465109, *1 (S.D.N.Y. June 2, 2014) (citing *Pu v. Charles H. Greenthal Mgmt. Corp.*, 08 Civ. 10084, 2010 WL 774335, *1 (S.D.N.Y. Mar. 9, 2010)). Legal arguments may not be raised for the first time in an objection. *Rosello v. Barnhart*, 02 Civ. 4629, 2004 WL 2366177, *3 (S.D.N.Y. Oct. 20, 2004) (citing *Abu-Nassar v. Elders Futures. Inc.*, 88 Civ. 7906, 1994 WL 445638, *5 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider . . . these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.")).

In the instant matter, Magistrate Judge Dancks' Report and Recommendation contains a careful analysis of the Commissioner's determination to deny Plaintiff benefits and explains that the challenged determination was based on correct legal principles and is supported by substantial evidence in the record. Plaintiff's objections to the Report and Recommendation are either reiterations of arguments made to Magistrate Judge Dancks, or arguments made for the first time in his objection. Accordingly, the Court is entitled to review the Report and Recommendation for clear error. Since some of Plaintiff's arguments could conceivably be construed as timely,

4

specific legal objections to Magistrate Judge Dancks' conclusions, and affording Plaintiff every benefit of the doubt, the Court will review the Report and Recommendation *de novo*.

Having carefully reviewed Magistrate Judge Dancks' thorough Report and Recommendation, the Court finds that Magistrate Judge Dancks correctly concluded that the Commissioner's finding should be affirmed and Plaintiff's complaint should be dismissed. Plaintiff's first argument is that Magistrate Judge Dancks and the ALJ did not evaluate his treating physician's opinion in accordance with the relevant legal standards.[2] Specifically, Plaintiff first contends that Magistrate Judge Dancks improperly noted that his treating physician, Dr. Tinio, did not find Plaintiff unable to function in any category on his medical source statement, because inability to function is not required for a finding of disability. *See* Dkt. No. 16 at 2. While Plaintiff's observation that Judge Dancks noted the absence of any indication that Plaintiff is unable to function in any of the relevant categories is correct, Plaintiff has presented no explanation as to how this observation supports the argument that Magistrate Judge Dancks incorrectly found no error in the ALJ's application of the treating physician rule. Neither the ALJ nor Judge Dancks concluded that the absence of any such indication warranted, in and of itself, a finding of not disabled. Similarly, Plaintiff states that state agency physician Dr. Inman-Dundon did not have Dr. Tinio's records when he submitted his opinion, *see* Dkt. No. 16 at 2, but does not make clear how this contention supports Plaintiff's argument that Magistrate Judge Dancks incorrectly found no error in the ALJ's application of the treating physician rule. As Magistrate Judge Dancks noted, the ALJ afforded Dr. Tinio's opinions little weight because they were

---

[2] The Court notes that in his motion for judgment on the pleadings, Plaintiff's argument with regard to the treating physician rule was that the ALJ's RFC determination was unsupported by substantial evidence. On appeal, Plaintiff now argues that the incorrectly applied the treating physician rule.

5

unsupported by his own treatment records, not merely because they were inconsistent with Dr. Inman-Dundon's. *See* Dkt. No. 15 at 13. In any event, this argument appears to have been raised here for the first time and was, therefore, waived. Plaintiff next contends that Magistrate Judge Dancks' misapplied the treating physician rule by failing to recognize that Dr. Inman-Dundon found moderate limitations in certain areas. Dkt. No. 16 at 2. Although it is true that the ALJ and Magistrate Judge Dancks did not specifically state that Dr. Inman-Dundon found moderate limitations in certain areas, this omission is immaterial because the ALJ specifically noted, in making his RFC determination, that "Dr. Inman-Dundon pointed out that the claimant is not significantly limited in the vast majority of work-related mental activities." T. 16.[3] The ALJ further stated that, notwithstanding Dr. Inman-Dundon's finding of moderate limitations in certain areas, "Dr. Inman-Dundon concluded that vocationally, the claimant can perform unskilled to semi-skilled work." *Id.* Plaintiff next contends that Magistrate Judge Dancks incorrectly accepted the ALJ's finding that Dr. Tinio's medical source statement opinions were inconsistent with his own records, including that Plaintiff's symptoms were stable with medication compliance. As with several of Plaintiff's other contentions, this argument appears to be raised here for the first time. Nevertheless, the ALJ properly found that Dr. Tinio's records, taken as a whole, were inconsistent with his opinions. That finding was not predicated exclusively upon Dr. Tinio's treatment records indicating that Plaintiff's symptoms were stable with medication compliance. T. 17 ("The undersigned gives very little weight to Dr. Tinio's medical source statement because there is absolutely nothing in his treatment records to support such severe limitations."). Finally, Plaintiff contends that Magistrate Judge Dancks erred in recommending affirmance of the ALJ's determination to afford the state agency's physician's opinions greater

---

[3] Administrative Transcript, Dkt. No. 9.

6

weight than the treating physician. This is another argument not specifically raised by Plaintiff in his motion for judgment on the pleadings. Moreover, contrary to Plaintiff's assertion, it is not the case that all conflicts between the opinions of treating and consulting sources must be resolved in favor of the former, with the latter given limited weight. "Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, . . . the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citations omitted); *see also Williams v. Comm'r of Soc. Sec.*, 236 Fed. Appx. 641, 643-44 (2d Cir. 2007); *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (citing 20 C.F.R. § 404.1527(d) (2)). "Similarly, treating source opinion can be rejected for lack of underlying expertise, or when it is brief, conclusory and unsupported by clinical findings, or when it appears overly sympathetic such that objective impartiality is doubtful and goal-oriented advocacy is reasonably suspected." *Orts v. Astrue*, No. 5:11-512, 2012 WL 6803588, *5 (N.D.N.Y. Nov. 14, 2012) (citations omitted). Based on the foregoing, the Court finds that Magistrate Judge Dancks correctly concluded that the ALJ evaluated Plaintiff's treating physician's opinion in accordance with the relevant legal standards.

Plaintiff's second argument is that Magistrate Judge Dancks erred in finding that the ALJ's conclusion that Plaintiff could perform past relevant work was supported by substantial evidence. Plaintiff first contends that Magistrate Judge Dancks erred in stating that part time work that is substantial gainful activity can be past relevant work. This contention is unsupported by the law. "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20

C.F.R. 404.1560(b). Even if a claimant cannot work the equivalent of eight hours a day for five days a week, "[p]art-time work that was of substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work . . . ." SSR 96-8p, 1996 WL 374184, *8 n.2 (Soc. Sec. Admin. July 2, 1996). Plaintiff next contends that Magistrate Judge Dancks erred in recommending affirmance because the ALJ did not evaluate whether art model was past relevant work. Contrary to Plaintiff's contention, the ALJ made a written finding that Plaintiff's work as an art model was substantial gainful activity for more than six months, and thus, past relevant work. Finally, Plaintiff asserts that Magistrate Judge Dancks erred in ignoring certain inconsistencies regarding why Plaintiff left this position. It is well settled that a Social Security claimant has the burden to show that he cannot perform past relevant work. *See Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984). As such, it was Plaintiff's burden to resolve any inconsistencies in the reasons for the termination of his employment as an art model in his favor. To the extent Plaintiff contends that he quit his position as an art model because of anxiety and nervousness, he made no showing that his condition when his employment ended in 2005, prior to receiving mental health treatment and medication, persists today such that he would be incapable of performing the essential functions of an art model. Accordingly, Magistrate Judge Dancks correctly concluded that the ALJ's determination that Plaintiff could perform past relevant work was supported by substantial evidence.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Thérèse Wiley Dancks March 5, 2014 Report and Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 17, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge